**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DUEÑAS TRAILERS RENTAL, INC., | |
| Plaintiff, | Civil No. _____ |
| v. | |
| ARIEL VALENTIN-COLLAZO; ALEX VALENTIN-PANELL; and ESMERALD EQUIPMENT REEFER, CORP., | Civil RICO; Torts |
| | **JURY DEMAND** |
| Defendants. | |

## <u>VERIFIED COMPLAINT</u>

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, Dueñas Trailers, Inc. ("Dueñas Trailers"), through the undersigned attorneys, and respectfully brings this action for civil RICO, torts, and for compensatory and treble damages arising from the aforementioned causes of action, against the above-captioned Defendants, and as grounds therefore STATES, ALLEGES, and PRAYS:

### I. <u>NATURE OF THE ACTION</u>

1.      This is an action under Section 1964(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") for treble damages arising from the injuries suffered by Dueñas Trailers to its business and property due to Defendants' pattern of racketeering activity in violation of Sections 1962(a) and (c) of RICO, all performed as part of an ongoing criminal enterprise.

2.      This action also arises under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, for compensatory damages suffered by Dueñas Trailers as a result of Defendants' willful and malicious tortious conduct towards Dueñas Trailers.

3.     Beginning in or around January 2018, and up to the filing of this action, in an effort to control the refrigerated storage industry in Puerto Rico and to gain an unfair competitive advantage over the plaintiff, Defendants repeatedly, and in a sustained manner, vandalized and severely damaged refrigerated storage trailers belonging to Dueñas Trailers, by arson, burglary, and other unlawful acts, thereby directly affecting interstate commerce and causing significant injury to Dueñas Trailers' business.

4.     The business and property of Dueñas Trailers has been damaged by Defendants' unlawful and tortious acts in an amount reasonably estimated to be in excess of $1,000,000.00.

5.     As such, Plaintiff hereby requests this Honorable Court, among other things, award threefold the damages it has sustained as a result of Defendants' actions, as well as the costs of the suit, including reasonable attorney fees, all pursuant to Section 1964(c) of RICO.

## II. JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiff's RICO claim under 28 U.S.C. § 1331, as the matter arises under the laws of the United States, specifically 18 U.S.C. § 1964(c) and 18 U.S.C. §§ 1962(a) and (c).

7.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as these matters are so related to Plaintiff's RICO claim that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965(b) and 28 U.S.C. § 1391(b) and (c) given that Defendants reside or have their principal place of business in this district and all facts relating to the causes of actions took place within this district.

### III. THE PARTIES

9.      Plaintiff, Dueñas Trailers, is a corporation organized and existing under the laws of Puerto Rico and registered with the Puerto Rico Department of State, with its principal place of business at Calle C Lote #6, Muelle M, Zona Portuaria, San Juan, Puerto Rico 00919. Dueñas Trailers is engaged in the business of selling, renting, and servicing refrigerated and non-refrigerated space and storage trailers to its customers in Puerto Rico and the Caribbean.

10.     Defendant Esmerald Equipment Reefer Corp. ("Esmerald Equipment"), is a corporation organized under the laws of Puerto Rico and registered with the Puerto Rico Department of State, with its principal place of business at Colinas de Fair View 202, 4D8, Trujillo Alto, PR 00976. Esmerald Equipment is engaged in the business of renting refrigerated storage trailers to customers in Puerto Rico.

11.     Defendant Ariel Valentin Collazo ("Valentin Collazo") is an individual and resides at Edificio R, Apartamento #135, Condominio Monte Bello, Trujillo Alto, Puerto Rico 00976. Upon information and belief, Valentin Collazo is the owner and chief operating officer of Esmerald Equipment. Upon information and belief, Valentin Collazo is the father of Defendant Alex Valentin Panell.

12.     Defendant Alex Valentin Panell ("Valentin Panell") is an individual and resides in Trujillo Alto, Puerto Rico. According to the articles of incorporation of Esmerald Equipment, Valentin Panell is the president and treasurer of the company. Upon information and belief, Valentin Panell is the son of Valentin Collazo.

### IV. FACTUAL ALLEGATIONS

13.     Dueñas Trailers provides temporary and permanent space and storage solutions to its clients in Puerto Rico and the Caribbean. As the largest locally-owned provider of temporary and permanent storage solutions in Puerto Rico, Dueñas Trailers

currently has contracts with many leading transnational corporations and non-corporate entities, such as McDonalds System of PR, Inc. ("McDonalds"); Wal-Mart Stores Puerto Rico ("Walmart"); Hewlett Packard Puerto Rico, LLC; Eli Lilly Del Caribe; Pepsi Co. Puerto Rico; Pfizer Pharmaceutical; Walgreens Co. Puerto Rico; CVS/Pharmacy Puerto Rico; Crowley Maritime Co.; Sachse Construction; Medtronic Puerto Rico; and the U.S. Air Force and Army.

14. Through said contracts, Dueñas Trailers sells or rents a diverse selection of products to its clients, including containers, chassis, flatbed trailers, home-trailers, refrigerated containers, self-storage space, office trailers, and modular offices to help manage their clients' storage needs.

15. Like Dueñas Trailers, Esmerald Equipment is also in the business of renting refrigerated containers to its clients in Puerto Rico. As industry competitors, Dueñas Trailers and Esmerald Equipment have, at times, had clients in common, including Baxter International Inc. of Puerto Rico ("Baxter International"); Panadería Los Cidrines ("Cidrines"); McDonalds; and TraFon Group, among others.

16. After Hurricane Maria made landfall in Puerto Rico in September 2017, the demand for refrigerated storage units in Puerto Rico increased due largely to widespread power outages that plagued the island in the following months.

17. Dueñas Trailers received increased requests for refrigerated units after Hurricane Maria and worked diligently to meet the needs of its clients.

18. Beginning in early 2018, Dueñas Trailers became aware that some of its refrigerated storage units had suffered damages. These reports were primarily made by clients that were shared with Esmerald Equipment. After a thorough investigation into these seemingly unrelated and sporadic events, Dueñas Trailers discovered that someone

was purposefully targeting and vandalizing its storage units in a manner designed to disguise the intentional damages as mechanical malfunctions.

19.    Soon thereafter, an employee for TraFon Group, a business group dedicated to the import and export of food, services and logistic solutions, alerted Dueñas Trailers that personnel from Esmerald Equipment, specifically Valentin Collazo, was responsible for vandalizing and damaging storage units belonging to Dueñas Trailers.

20.    Upon information and belief, Valentin Collazo and Valentin Panell engaged in a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(1) & (5), in furtherance of Esmerald Equipment's interests, which included at least eleven (11) incidents involving burglary, physical violence to property, and/or arson of refrigerated storage units belonging to Dueñas Trailers in violation of 18 U.S.C. § 1951(a) and 33 P.R. Laws Ann. § 5311, respectively, all of which had the same or similar purpose of interfering with interstate commerce and causing injury to Dueñas Trailers' property, business, and reputation. Specifically:

a.    In or about January 2018, a McDonald's manager reported to Dueñas Trailers that someone had broken into a refrigerated trailer it rented from Dueñas Trailers in one of its restaurants in Trujillo Alto, Puerto Rico, and stolen the contents. In response, Dueñas Trailers filed a complaint with the Puerto Rico Police Bureau ("PRPB"). The corresponding complaint number is 2018-8-272-000-88. An investigation conducted by Dueñas Trailers revealed that Valentin Collazo was responsible for this burglary.

b.    In or about April 2018, a McDonald's manager reported that someone punctured and damaged the refrigeration unit in a refrigerated trailer it rented from Dueñas Trailers for use at one of its restaurants in Manatí, Puerto Rico. The puncture holes in the unit caused the unit to leak cooling fluid and malfunction, thus rendering it inoperable. Upon information and

belief, Valentin Collazo was the person who stabbed and damaged the refrigeration unit.

c.  In or about June 2018, a Dueñas Trailers employee spotted what appeared to be a refrigerated unit belonging to Dueñas Trailers at an Amigo supermarket in Juncos, Puerto Rico. Upon examination of the unit, it became evident that someone had painted the unit to cover the large Dueñas Trailers logo that characterizes their refrigerated units and mutilated the unit's identifying information. Based on its own investigation, through the proprietary identification information located on the roof of the unit, Dueñas Trailers was able to identify the refrigerated unit as its own and confirmed that Dueñas Trailers had originally rented it to Baxter International in Jayuya, Puerto Rico. Upon further investigation, Dueñas Trailers discovered that the unit had been stolen while in transit from Baxter International's facilities, repainted, and later rented to Amigo supermarket by Esmerald Equipment. Upon information and belief, Valentin Collazo was responsible for stealing the unit, repainting it, and fraudulently renting the stolen unit to Amigo supermarkets. In response, Dueñas Trailers filed a complaint with the PRPB against Valentin Collazo. The corresponding complaint number is 2018-7-117-2291.

d.  Upon information and belief, in or about June 2018, Valentin Collazo also punctured the refrigeration unit of a refrigerated trailer belonging to and rented by Dueñas Trailers to Walmart at Plaza Escorial in Carolina, Puerto Rico, using a sharp knife-like object. By stabbing the refrigeration unit, Valentin Collazo caused the refrigeration system of the trailer and other equipment located inside the trailer to fail, thereby causing severe damages to Dueñas Trailers' business and property. A Walmart security

guard at Plaza Escorial caught Valentin Collazo in the act of stabbing the refrigeration unit and detained him pending arrival of PRPB officers to the scene. In response, Dueñas Trailers filed a complaint against Valentin Collazo with the PRPB. The corresponding complaint number is 2018-8-316-03216.

e. Upon information and belief, several days after being detained for puncturing the refrigerated unit belonging to Dueñas Trailers in Walmart at Plaza Escorial, Valentin Collazo entered the same Walmart store, stole a uniform and hat, stole fire accelerant, and attempted to willfully and maliciously set fire to the storage unit he had already damaged. The incident was captured on Walmart's surveillance cameras. In response, Dueñas Trailers filed another complaint against Valentin Collazo with the PRPB. The corresponding complaint number is 2018-8-316-03219.

f. Upon information and belief, in or about June 2018, Valentin Collazo willfully and maliciously set fire to a refrigerated trailer belonging to Dueñas Trailers and rented to Walmart in Caguas, Puerto Rico, on two separate occasions. By setting fire to the refrigeration unit twice, Valentin Collazo caused considerable damages to the business and property of Dueñas Trailers. One of the incidents was captured by Walmart's security cameras. In response to these incidents, Dueñas Trailers filed two separate complaints with the PRPB against Valentin Collazo. The complaint numbers are 2018-6-013-12344 and 2018-6-013-13005, respectively.

g. During the same timeframe, upon information and belief, Valentin Collazo attempted to willfully and maliciously set fire to a storage container belonging to Dueñas Trailers and rented to Walmart in Cayey, Puerto Rico, in the same manner as the previously-stated incident. This incident was

captured by Walmart's surveillance cameras. In response, Dueñas Trailers filed a complaint with the PRPB against Valentin Collazo. The corresponding complaint number is 2018-9-018-3703.

h.  In or about June 2018, Valentin Collazo drove his white Ford F-150 (license plate #978-379) to a construction project site managed and operated by Sachse Construction at the Rio Hondo Shopping Center in Bayamon, Puerto Rico. At the construction site, Valentin Collazo willfully and maliciously set fire to a double-wide storage unit belonging to Dueñas Trailers and rented to Sachse Construction, causing damages to the business and property of Dueñas Trailers. Upon information and belief, this incident was recorded by security cameras located in the area. In response to this incident, Dueñas Trailers filed a complaint with the PRPB against Valentin Collazo. The corresponding complaint number is 2018-7-111-8015.

i.  In or about June 2018, Medtronic Puerto Rico reported to Dueñas Trailers that the refrigerated unit it had rented from Dueñas Trailers to use in its Cataño, Puerto Rico facility was malfunctioning. When technicians from Dueñas Trailers arrived at the scene, they discovered that the unit's refrigeration component had been punctured and severely damaged. Upon information and belief, and based on Plaintiff's own investigation, Valentin Collazo was responsible for this incident.

j.  In or about June 2018, Walmart in Santurce, Puerto Rico, reported to Dueñas Trailers that someone attempted to willfully and maliciously set fire to a refrigeration unit and trailer it rented from Dueñas Trailers in the same manner as previously described. Upon information and belief, and based on Plaintiff's own investigation, Valentin Collazo was responsible for this

incident. His actions caused significant damages to the business and property of Dueñas Trailers. In response, Dueñas Trailers filed a complaint with the PRPB against Valentin Collazo. The corresponding complaint number is 2018-1-266-4668.

k.  In or about June 2018, at the Walmart in Caguas, Puerto Rico, a small refrigerated unit belonging to Dueñas Trailers was willfully and maliciously burned and damaged. Upon information and belief, and based on Plaintiff's own investigation, Valentin Collazo was also responsible for this incident.

l.  In or about the second week of January 2019, a refrigerated unit belonging to Dueñas Trailers and rented to Sams Caguas had a generator that was malfunctioning. Upon investigation, Dueñas Trailers determined the generator had been punctured with a sharp makeshift knife, similar to the ones used by Valentin Collazo to damage other units belonging to Dueñas Trailers. Upon information and belief, and based on Plaintiff's own investigation, Valentin Collazo was also responsible for this incident.

m.  In or about January 23, 2019, McDonald's reported that someone had purposefully damaged the refrigerated units it rented from Dueñas Trailers' for three consecutive days in Hato Rey, Puerto Rico. On the third day, the general manager of McDonalds in Hato Rey photographed the license plate on Valentin Collazo's white Ford pickup truck, which was parked at the scene (license plate #978-379). Upon information and belief, and based on Plaintiff's own investigation, Valentin Collazo was responsible for these incidents.[1]

---

[1] It is important for the Court to note that this list of unlawful activities perpetrated by Valentin Collazo is not exhaustive and does not include other similar incidents that, upon information and belief, were carried out and continue to be carried out by Valentin Collazo in the same manner as

21.     Upon information and belief, as a result of Valentin Collazo's pattern of racketeering activity, several clients of Dueñas Trailers terminated their contractual relationships with the company prior to the expiration date of the contracts and, instead, entered into contracts with Esmerald Equipment. In turn, Esmerald Equipment increased its revenues, thus furthering the operations of the enterprise.

22.     As the president and treasurer of Esmerald Equipment, Valentin Panell directly benefitted from the pattern of racketeering activity that his father, Valentin Collazo, conducted in furtherance of Esmerald Equipment, as described above.

23.     Ultimately, as a result of Valentin Collazo's pattern of racketeering activity, Defendants damaged the business and property of Dueñas Trailers in an amount reasonably estimated to be in excess of $1,000,000.00 for which, upon information and belief, Defendants are entirely responsible and should be held entirely liable for.

### V. STATUTE OF LIMITATIONS

24.     The allegations contained in paragraphs 1 through 23 are incorporated by reference as if re-alleged herein.

25.     The RICO statute does not contain an express limitations period. However, the Supreme Court has held that a four-year statute of limitations period applies to all civil RICO actions. *See Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). As reflected by the incident dates above, Dueñas Trailers' civil RICO claim is timely, as it is being filed within four years of the acts giving rise to the cause of action.

26.     Similarly, Dueñas Trailers learned of the tortious and unlawful actions of the defendants, as well as the injuries caused by them to Dueñas Trailers, well within one-year of filing this Complaint. Thus, Dueñas Trailers' tort claims are also timely filed. 31

---

described above and for the same purpose of interfering with interstate commerce and causing injury to Dueñas Trailers' business and property.

P.R. Laws Ann. § 5298; *Gonzalez–Perez v. Hosp. Interamericano De Medicina Avanzada*, 355 F.3d 1, 2 (1st Cir. 2004).

## VI. CAUSES OF ACTION

### COUNT I – RICO Section 1962(a)

27.     The allegations of paragraphs 1 through 26 are incorporated by reference as if re-alleged herein.

28.     Esmerald Equipment and Dueñas Trailers are enterprises engaged in and whose activities affect interstate commerce, as the refrigerated trailers rented by both companies to their clients are not manufactured in Puerto Rico and travel in interstate commerce.

29.     Valentin Collazo and Valentin Panell furthered the interests of Esmerald Equipment and increased its revenues through the pattern of racketeering activity targeting Dueñas Trailers, Esmerald Equipment's direct competitor, in the manner specifically described above.

30.     In turn, Esmerald Equipment through its principles and agents, Valentin Collazo and Valentin Panell, has used and invested the income it derived through the pattern of racketeering activity targeting Dueñas Trailers to further its operations, in violation of 18 U.S.C. § 1962(a).

31.     The acts set forth above in paragraph 20 constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(1) & (5).

32.     As a direct and proximate result of Valentin Collazo and Valentin Panell's racketeering activities and violations of 18 U.S.C. § 1962(a), Plaintiffs have been injured in their business and property in an amount reasonably estimated to be in excess of $1,000,000.00.

33.    Therefore, Plaintiff requests that this Court enter judgment and award treble damages and attorney fees jointly and severally against Valentin Collazo, Valentin Panell, and Esmerald Equipment in accordance with Section 1964(c) of RICO.

**COUNT II – RICO Section 1962(c)**

34.    The allegations of paragraphs 1 through 33 are incorporated by reference herein.

35.    Esmerald Equipment is an enterprise engaged in and whose activities affect interstate commerce. As officers of Esmerald Equipment, Valentin Collazo and Valentin Panell are associated with the enterprise.

36.    Valentin Collazo and Valentin Panell participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity and for the unlawful purpose of intentionally causing injury to Plaintiff's business, as specifically described above.

37.    Pursuant to and in furtherance of the affairs of Esmerald Equipment, Valentin Collazo committed multiple acts of arson, burglary, and interference with commerce by damaging property traveling in interstate commerce.

38.    As the president and treasurer of Esmerald Equipment, Valentin Panell directly benefitted from the pattern of racketeering activity conducted in furtherance of Esmerald Equipment and to the detriment of Plaintiff, as described above.

39.    The acts set forth above in paragraph 20 constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(1) & (5).

40.    Valentin Collazo and Valentin Pannell have directly and indirectly participated in the conduct of the enterprise's affairs through the pattern of racketeering activity described above, all in violation of 18 U.S.C. § 1962(c).

41.     As a direct and proximate result of Valentin Collazo and Valentin Panell's racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property in an amount reasonably estimated to be in excess of $1,000,000.00.

42.     Therefore, Plaintiff requests that this Court enter judgment and award treble damages and attorneys' fees against Valentin Collazo, Valentin Panell, and Esmerald Equipment in accordance with Section 1964(c) of RICO.

## COUNT III – Damages

43.     The allegations contained in paragraphs 1 through 42 are incorporated by reference as if re-alleged herein.

44.     In furtherance of Esmerald Equipment's interest, Valentin Collazo and/or Valentin Panell illegally set fire to, burglarized, and otherwise damaged Plaintiff's property, including its refrigerated and non-refrigerated storage units.

45.     By illegally destroying and damaging Plaintiff's property, Esmerald Equipment, Valentin Collazo, and Valentin Panell caused significant injury to Plaintiff's business and gained a competitive advantage over Plaintiff.

46.     Esmerald Equipment, Valentin Collazo, and Valentin Panell are therefore jointly and severally liable to Dueñas Trailers for the damages caused through their malicious conduct targeting the business of Dueñas Trailers.

47.     Esmerald Equipment, Valentin Collazo, and Valentin Panell's willful and malicious acts constitute tortious conduct under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A § 5141, and have caused and are causing damages to Plaintiff in an amount reasonably estimated to be in excess of $1,000,000.00.

## COUNT IV – Loss of Revenues

48.     The allegations contained in paragraphs 1 through 47 are incorporated by

reference as if re-alleged herein.

49.     By illegally destroying and damaging Plaintiff's property, Esmerald Equipment, Valentin Collazo, and Valentin Panell caused significant injury to Plaintiff's business, insofar as Dueñas Trailers lost several of its clients and, thus, contracts it had with those clients, who terminated their contractual relationships with Dueñas Trailers as a result of the above-mentioned incidents.

50.     Esmerald Equipment, Valentin Collazo, and Valentin Panell are therefore jointly and severally liable to Dueñas Trailers for the damages caused through their malicious conduct targeting the business of Dueñas Trailers.

51.     Esmerald Equipment, Valentin Collazo, and Valentin Panell's willful and malicious acts constitute tortious conduct under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, and have caused and are causing damages to Plaintiff in an amount that is reasonably estimated to be in excess of $1,000,000.00.

**COUNT V – Damages to Reputation**

52.     The allegations contained in paragraphs 1 through 51 are incorporated by reference as if re-alleged herein.

53.     Esmerald Equipment, Valentin Collazo, and Valentin Panell acting in active concert, damaged the reputation and good name of Dueñas Trailers as one of the leading providers of storage solutions to clients in Puerto Rico, by purposefully targeting and damaging Plaintiff's property and, in some cases, causing clients to return equipment to Plaintiff under the belief that the equipment of Dueñas Trailers was unreliable, inconvenient, and problematic.

54.     Defendants' activities complained of herein have damaged Plaintiff's in an amount that is reasonably estimated to be in excess of $1,000,000.00.

55.     Defendants are jointly and severally liable to Plaintiff for the damages they

have caused and continue to cause to Plaintiff's business and property.

## VII. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, it is respectfully requested for this Honorable Court to enter Judgment in favor of Plaintiffs and against Defendants:

a.      finding RICO Defendants Valentin Collazo, Valentin Panell, and Esmerald Equipment jointly and severally liable to Plaintiff Dueñas Trailers and award Plaintiff Dueñas Trailers an amount of no less than $3,000,000.00 for treble damages caused, pursuant to 18 USCA § 1964(c);

b.      imposing upon RICO Defendants Valentin Collazo, Valentin Panell, and Esmerald Equipment the payment of the costs and expenses of the present litigation, including reasonable attorneys' fees;

c.      finding Defendants Valentin Collazo, Valentin Panell, and Esmerald Equipment jointly liable to Plaintiffs Dueñas Trailers and awarding damages for the defendants' violations of Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, in an amount not less than $ 1,000,000.00.

d.      finding Defendants Valentin Collazo, Valentin Panell, and Esmerald Equipment jointly liable to Plaintiffs Dueñas Trailers and awarding damages for the defendants' violation of Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, for loss of revenues, in an amount not less than $1,000,000.00.

e.      finding Defendants Valentin Collazo, Valentin Panell, and Esmerald Equipment jointly liable to Plaintiff Dueñas Trailers and awarding damages for the defendants' violation of Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, for reputational damage, in an amount not less than $1,000,000.00.

f.      and any other relief to which Plaintiffs may be entitled in the present action as a matter of law.

## VERIFICATION

I, Judith Dueñas, on behalf of Dueñas Trailers, verify under penalty of perjury under the laws of the United States of America that I have read the above complaint and its contents. I also verify that to the best of my knowledge and recollection factual allegations stated in the complaint are true and correct. *See* 28 U.S.C. §1746.

Executed this 3rd day of May, 2019.

JUDITH DUEÑAS PEÑA
CORPORATE SECRETARY

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of May, 2019.

**McCONNELL VALDÉS LLC**
Attorneys for Plaintiffs
PO Box 364225
San Juan, PR 00936-4225
Telephone (787) 250-5641
Fax: (787) 759-8282

*s/ Maria A. Dominguez*
Maria A. Dominguez
USDC-PR No. 210908
madt@mcvpr.com

*s/ Alejandro J. Cepeda-Diaz*
Alejandro J. Cepeda-Diaz
USDC-PR No. 222110
ajc@mcvpr.com

*s / Javier Micheo Marcial*
Javier F. Micheo Marcial
USDC-PR No. 305310
jfmm@mcvpr.com
