IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DUEÑAS TRAILER RENTAL, INC.,**

**Plaintiff,**

**v.**

**ARIEL VALENTIN-COLLAZO, et al.,**

**Defendants.**

**CASE NO. 19-1438  (GAG)**

**OPINION AND ORDER**

On May 3, 2019, Plaintiff Dueñas Trailer Rental, Inc. ("Dueñas Trailer") filed the above-captioned action against Ariel Valentin-Collazo ("Valentin-Collazo"), Alex Valentin-Panell ("Valentin-Panell"), and Esmerald Equipment Reefer Corp. ("Esmerald Equipment"), collectively Defendants, alleging they incurred in civil violations, under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*, and requesting compensatory damages for tortious conduct, under Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 514. (Docket Nos. 1; 38).

On November 27, 2019, Defendants filed two motions to dismiss the complaint for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). (Docket Nos. 47; 48).[1] Defendants aver that none of the parties in the present case are engaged in interstate commerce. Id. Furthermore, they claim that the predicate acts alleged in the Complaint do not affect interstate commerce and thus, there is no nexus between the affected property and interstate commerce. Id.

---

[1] The motions to dismiss are nearly identical, and, as such, the Court shall treat them as one throughout this Opinion & Order.

**Civil No. 19-1438 (GAG)**

After a careful review of the parties' submissions and pertinent law, the Court **DENIES** Defendants' motions to dismiss at Docket Nos. 47 and 48.

### I. Relevant Factual Background[2]

Dueñas Trailers provides temporary and permanent space and storage solutions to its clients in Puerto Rico and the Caribbean. (Docket No. 38 ¶ 13). Dueñas Trailers sells or rents a diverse selection of products to its clients, including containers, chassis, flatbed trailers, home-trailers, refrigerated containers, self-storage space, office trailers, and modular offices to help manage their clients' storage needs. Id. ¶ 14. Plaintiff sells or rents these products, which are purchased from sellers outside the Commonwealth of Puerto Rico. Id. ¶ 16.

Dueñas Trailer services clients in the Commonwealth as well as clients outside of it, including in the Dominican Republic and the U.S. Virgin Islands. Id. For example, these clients include: (1) Conti Federal Services, Inc.; (2) the Virgin Islands Port Authority; (3) Lemartec USVI; (4) Marine Express; (5) Priority RORO, and (6) J. Frankenberg. Id.

In early 2018, Dueñas Trailers became aware that some of its refrigerated units, specifically those which belonged to clients shared with Defendant Esmerald Equipment, had suffered damages. Id. ¶ 21. Plaintiff discovered that someone was purposefully targeting and vandalizing its storage units in a manner designed to disguise these intentional damages as mechanical malfunctions. Id. Soon thereafter, an employee for TraFon Group, a business group dedicated to the import and export of food, services, and logistic solutions, alerted Dueñas Trailers that personnel from Defendant Esmerald Equipment, specifically Defendant Valentin-Collazo, was responsible for vandalizing and damaging their storage units. (Docket No. 38 ¶ 22).

---

[2] For purposes of these motions to dismiss, the Court accepts as true all the factual allegations in the Complaint and construes all reasonable inferences in favor of Plaintiff. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

Upon information and belief, Plaintiff filed the present suit alleging that Defendant's Valentin-Collazo and Valentin-Panell engaged in a pattern of racketeering activity, as defined by 18 U.S.C. § 1961(1) & (5), in furtherance of their own and Defendant Esmerald Equipment's interests, which included at least twenty (20) incidents involving burglary, physical violence to property, and arson of refrigerated storage units belonging to Dueñas Trailers. See Docket No. 38 ¶ 23.[3] Plaintiff claims that, as a result of Valentin Collazo's pattern of racketeering activity, several of its clients terminated their contractual relationships with the company prior to the expiration date of the contracts and, instead, entered into contracts with Defendant Esmerald Equipment. Id. ¶ 24. In turn, resulting in increased revenues for Esmerald Equipment; hence, furthering the operations of the enterprise. Id.

## II.     Standard of Review

As courts of limited jurisdiction, federal courts must construe their jurisdictional grants narrowly. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). Consequently, the party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996); see also Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 132 (D.P.R. 2007). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6). Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994); see also Torres, 523 F. Supp. 2d at 132.

---

[3] Dueñas Trailers proceeds to identify the date and the client to which the product was rented, as well as how said incident affected their products. Id. ¶ 23(a)-(t).

3

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See Fed. R. Civ. P. 12(b)(6), Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ .P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

### III.   Discussion

Defendants filed two motions to dismiss the present case arguing that the predicate acts alleged in Dueñas Trailer's Amended Complaint at Docket No. 38 do not affect interstate commerce. (Docket Nos. 47 and 48 at 2-3). Furthermore, Defendants aver that neither Dueñas Trailer nor Defendants are engaged in interstate commerce, and as such, the Court lacks federal jurisdiction. Id. Dueñas Trailer opposed and put forward that the predicate acts alleged do have an effect on interstate commerce and further argue that Defendant Esmerald Equipment is indeed engaged in interstate commerce. (Docket No. 51).

RICO makes it a federal crime "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity"—or to conspire to do so. 18 U.S.C. § 1962(c), (d). To state a civil RICO claim, a plaintiff must allege "four elements required by the statute: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." Kenda Corp. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003) (citations omitted) or "a single collection of an unlawful debt." United States v. Weiner, 3 F.3d 17, 24 (1st Cir.1993); see also Home Orthopedics Corp. v. Rodríguez, 781 F.3d 521, 528 (1st Cir. 2015). Furthermore, "RICO requires no more than a slight effect upon interstate commerce." United States v. Doherty, 867 F.2d 47, 68 (1st Cir. 1989)

Defendants argue that in the present case there is neither an effect nor an engagement in interstate commerce. See Docket Nos. 47 and 48. Defendants do not argue that Dueñas Trailer has failed to plead the four elements required by the RICO statute. Instead, they claim that its allegations do not sustain a RICO claim. Id. Since RICO requires "no more than a slight effect upon interstate commerce", at this early stage of the litigation, Dueñas Trailer need only plead that Defendants

committed certain predicate acts, which would have slight effect on interstate commerce. See Doherty, 867 F.2d at 68. In the Amended Complaint, Plaintiff provide at least twenty (20) incidents involving burglary, physical violence to property, and arson of their refrigerated storage units committed by Valentin-Collazo in benefit of Esmerald Equipment. (Docket No. 38 ¶¶ 23, (a) to (t)). Dueñas Trailer also pleads in the Amended Complaint that:

> Upon information and belief, as a result of Valentin Collazo's pattern of racketeering activity, several clients of Dueñas Trailers terminated their contractual relationships with the company prior to the expiration date of the contracts and, instead, entered into contracts with Esmerald Equipment. In turn, Esmerald Equipment increased its revenues, thus furthering the operations of the enterprise.
>
> Upon information and belief, employees and/or officials of Esmerald Equipment would call Dueñas Trailers' clients that had been affected by Valentin Collazo's vandalism to Dueñas Trailers' units to persuade them to contract with Esmerald Equipment.
>
> As the president and treasurer of Esmerald Equipment, Valentin Panell directly benefitted from the pattern of racketeering activity conducted in furtherance of the interests of the defendants, as described above.
>
> Ultimately, as a result of Valentin Collazo's pattern of racketeering activity, Defendants damaged the business and property of Dueñas Trailers in an amount reasonably estimated to be in excess of $1,000,000.00 for which, upon information and belief, Defendants are entirely responsible and should be held entirely liable for.

(Docket No. 38 ¶¶ 24-27.). Additionally, Plaintiff avers that "Esmerald Equipment and Dueñas Trailers are enterprises engaged in and whose activities affect interstate commerce, as the refrigerated trailers rented by both companies to their clients are not manufactured in Puerto Rico and travel in interstate commerce and because Dueñas Trailer services clients outside of Puerto Rico." (Docket No. 38 at 14 ¶¶ 32. Finally, it claims that the predicate acts committed by Defendants affected their business by causing loss of clients and a depletion of assets. Id at 14-15. ¶¶ 34.

The Court, taking the complaint's well-pleaded, non-conclusory, non-speculative facts as true, and drawing all reasonable inferences in the Plaintiff's favor, holds that Dueñas Trailer has sufficiently and plausibly pled a RICO claim. See Schatz, 669 F.3d at 55. The predicate allegations

**Civil No. 19-1438 (GAG)**

of vandalism set forth in the Amended Complaint have affected Dueñas Trailer's business, causing them to suffer damages to their storage units and loss of clientele. (Docket No. 38 at 14). Furthermore, Dueñas Trailer states that the storage units they sell or rent to their clients are purchased from sellers outside the Commonwealth, therefore traveling within interstate commerce. Id. at 4.

For purposes of RICO, the Supreme Court has stated that a corporation is generally "engaged 'in commerce' when it is itself directly engaged in the production, distribution, or *acquisition of goods or services in interstate commerce.*" United States v. Robertson, 514 U.S. 669, 672 (1995) (citing United States v. Am. Bldg. Maint. Indus., 422 U.S. 271, 283 (1975) (emphasis added).[4] Consequently, at this stage of the case, Dueñas Trailer's factual allegations sufficiently comply with the plausibility standard required under Rule 12(b)(6) as to the factual claims that Defendants engage in interstate commerce and that the predicate acts attributed to them in the Amended Complaint affect it.[5] Both Defendants' motions for lack of subject matter jurisdiction are based wholly on the argument that Plaintiffs failed to adequately plead a RICO claim. See Docket Nos. 47 and 48. As illustrated above, Plaintiffs did in fact meet the standard to plead a RICO claim.

---

[4] At this stage of the case, the pleadings state that both Dueñas Trailer and Esmerald Equipment purchased the containers they lease to their clients from out of state since there is no manufacturer of said containers in Puerto Rico. See Docket No. 38 at 14.

[5] Defendant Valentin-Collazo submitted a statement under penalty of perjury that he is not an officer of Esmerald Equipment and did not engage as an individual in interstate commerce, and as such the Court should dismiss the claims against him in the present case. See Docket No. 48 at 12, 17. Defendant Valentin-Collazo is mistaken. RICO makes it illegal "for any person employed by *or associated with any enterprise engaged in*, or the activities of which affect, interstate or foreign commerce, *to conduct or participate, directly or indirectly*, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity" — or to conspire to do so. See 18 U.S.C. § 1962(c), (d) (emphasis ours). RICO does not require the person to be an officer of the enterprise. Furthermore, the Amended Complaint clearly pled that many of the vandalism acts committed against Dueñas Trailer where perpetrated by Defendant Valentin-Collazo in order to further Esmerald Equipment's interests. See Docket No. 38 at 6-14. As such, his motion to dismiss fails as a matter of law.

**Civil No. 19-1438 (GAG)**

Thus, Defendants' motions to dismiss for lack of subject jurisdiction fail because the Court has jurisdiction under 18 U.S.C. §§ 1961 *et seq.*

### IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Motions to Dismiss at Docket Nos. 47 and 48.

**SO ORDERED.**

In San Juan, Puerto Rico this 21st day of July, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge